```
 1
 2
 3
 4
 5
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

```
ARDELLA CARROLL,              )
                              )
            Plaintiff,        )   NO. CV-04-361-LRS
                              )
       v.                     )   ORDER GRANTING DEFENDANTS'
                              )   SUMMARY JUDGMENT MOTION
STATE OF WASHINGTON, acting   )
through its DEPARTMENT OF SOCIAL )
AND HEALTH SERVICES, and LINDA )
RASSIER, a single woman in her )
official and individual       )
capacity,                     )
                              )
            Defendants.       )
_____)
```

BEFORE THE COURT is Defendants' Motion for Summary Judgment, Ct. Rec. 46, filed December 3, 2007. Defendants' motion is based on Defendants' Memorandum of Authorities in Support of Defendants' Motion for Summary Judgment (Ct. Rec. 49); Declarations of El Shon Richmond, Linda Rassier, Harold Wilson, James Dormaier, and attachments (Ct. Recs. 50, 51, 52, and 53).

Plaintiff filed, untimely[1], nine (9) declarations in opposition to the summary judgment motions on December 31, 2007.

---

[1] See LR 7.1(c) which reads: "The opposing party shall, after service, unless otherwise ordered by the Court, have eleven (11) calendar days in a civil case and five (5) days excluding weekends and holidays in a criminal case, within which to serve and file a responsive memorandum. See FED.R.CIV.P. 6." Plaintiff's responsive memorandum was due on December 14, 2007. The Court concludes that plaintiff has elected not to file a responsive memorandum of points and authorities.

ORDER - 1

LR 7.1(b) clearly reminds parties and counsel that "LR 7.1(h)(5) provides that a failure to timely file a memorandum of points and authorities in support or opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default." See LR 7.1(b). Plaintiff, contrary to the requirements of the rules, has not filed a memorandum nor statement of facts as required by LR 56.1(b).[2] Despite Plaintiff's declarations, no genuine issue of material fact has been raised, and the Defendants are entitled to summary judgment as a matter of law. Subject to the discussion which follows (and pursuant to Local Rule 56.1), the Court may assume that the facts as claimed by the State of Washington, are admitted to exist without controversy, as Plaintiff failed to file her statement of facts explicitly identifying any facts which she disputes. See LR 56.1.

In general, under Local Rule 7.1(h)(5), a party who fails to file a timely objection to a motion is deemed to have waived objection. It is well-established law in this circuit, however, that Federal Rule of Civil Procedure 56 requires the Court to examine the merits of a motion for summary judgement even though a

---

[2]LR 56.1(b) reads: "Any party opposing a motion for summary judgment must file with its responsive memorandum a statement in the form prescribed in (a), setting forth the specific facts which the opposing party asserts establishes a genuine issue of material fact precluding summary judgment. Each fact must explicitly identify any fact(s) asserted by the moving party which the opposing party disputes or clarifies. (E.g.: "Defendant's fact #1: Contraty to plaintiff's fact #1, . . . ") Following the fact and record citation, the opposing party may briefly describe any evidentiary reason the moving party's fact is disputed. (E.g.: "Defendant's supplemental objection to plaintiff's fact #1: hearsay.")

ORDER - 2

nonmoving party fails to object as required by Local Rule 7.1. See Henry v. Gill Industries, Inc., 983 F.2d 943 (9th Cir. 1993) (local rule that requires entry of summary judgment simply if no papers opposing motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with summary judgment rule and, thus, would violate federal rule that allows local rules only if they are "not inconsistent" with federal rules).

Where the responsive declarations do not make specific reference to those portions of the record plaintiff is attempting to oppose, the Court is called upon to substitute its interpretation of the facts due to the inadequacy of the responsive papers. With respect to a similar situation, the Ninth Circuit aptly found in Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir.1996):

> As other courts have noted, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir.1995); see also Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir.1992) ("[The nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden-for example, by remaining silent-its opportunity is waived and its case wagered.").

Plaintiff's submissions ignore defendants' Statement of Facts and make no reference thereto in a manner reasonably anticipated to assist the Court. By electing not to file a memorandum of points and authorities and by submitting nine declarations that

ORDER - 3

obfuscate rather than promote an understanding of the facts, the court is left with little to work with. Nevertheless, after conducting a review in light of the standards listed above, the court concludes that Plaintiff has failed to identify any triable issue of material fact presently before this Court.

Plaintiff's only responsive submissions, a group of declarations primarily from individuals without personal knowledge or relevant information, fail to establish the essential elements of any of the claims raised in this case.[3] For instance, Plaintiff has failed to provide sufficient information to establish that she engaged in protected activity or that her alleged interest in engaging in the alleged protected activity outweighed the State's interest in acting to protect the patients at Eastern State Hospital. Nor has Plaintiff shown that any State action was actually motivated by her alleged protected activity or that any action taken would have occurred in the absence of her alleged protected activity. Without such showings, Plaintiff's action cannot proceed.

Lastly, the Defendants raise a statute of limitations issue that would bar Plaintiff's claims before the Court. It is undisputed that the State took no disciplinary action against Plaintiff after she was notified of her reduction in salary on

---

[3] In its Reply Memorandum filed January 8, 2008, Defendants move to strike the declarations submitted by Plaintiff in response to Defendants' summary judgment motion arguing that such declarations are replete with hearsay, speculation, and information that is not based on personal knowledge. Ct. Rec. 65 at 5. Although the Court finds portions are indeed replete with inadmissible evidence, it will not strike the declarations entirely, but will consider only admissible evidence for purposes of this summary judgment motion. The Court additionally notes that the declaration of Dorothy Hughes was not signed. Ct. Rec. 55.

ORDER - 4

June 1, 2001, effective June 16, 2001. This lawsuit was filed on September 24, 2004 in Spokane County Superior Court prior to removal to federal court. Because this lawsuit was apparently filed after the expiration of the applicable three-year statute of limitations, the State argues this case should be dismissed as time-barred. The Court agrees this is yet another reason to grant Defendants' motion for summary judgment.

This Court also temporarily stayed this case on November 1, 2005 pending the United States Supreme Court ruling in Garcetti. Now, armed with the decision in Garcetti, the Court is comfortable finding that Plaintiff's claims should be dismissed. The highest court excluded from constitutional protection all public employee speech made pursuant to one's professional duties and responsibilities:

> We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from employer discipline.

Garcetti, 126 S.Ct. 1960.

Examining the merits of the motion, the Court agrees with defendants with regard to Ms. Rassier's entitlement to qualified immunity, that plaintiff's speech is not protected under Garcetti v. Ceballos, 126 S.Ct. 1951 (2006), and plaintiff's 42 U.S.C. §1983 claim and pendent state claims are without merit. For all of the foregoing reasons,

**IT IS ORDERED** Defendants' Motion for Summary Judgment, Ct. Rec. 46, filed December 3, 2007 is **GRANTED**. Plaintiff's claims and this lawsuit are **DISMISSED WITH PREJUDICE**.

ORDER - 5

1  **IT IS SO ORDERED.** The District Court Executive is hereby
2  directed to enter judgment accordingly, furnish copies to counsel
3  and **CLOSE THIS FILE**.
4      DATED this 11th day of January, 2008.

                                    *s/Lonny R. Suko*

                            _____
                                    LONNY R. SUKO
                            UNITED STATES DISTRICT JUDGE

ORDER - 6